■ IRVING ROTH, Doing Business as ROTH & STEINER, Respondent, v. NISSIM SABAT, INC., Appellant.— Order entered February 24, 1970 granting plaintiff's motion to punish defendant for contempt for failing to produce certain documents and to contingently strike defendant's answer, and imposing a fine of $100 for defendant's willful failure to comply with prior orders, and denying defendant's cross-motion for a protective order is unanimously affirmed, with $75 costs and disbursements to respondent. The defendant has repeatedly flouted the court's clear mandate and the fine assessed was warranted in the circumstances. The answer of the defendant is stricken and an accounting directed unless the defendant's president appears, produces and makes available the books, records and documents as heretofore directed and submits to examination as previously ordered at Special Term, Part II, of the Supreme Court, New York County, on July 15, 1970, at 10 o'clock in the forenoon. Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and McNally, JJ.

■ MARIE S. RYAN, Respondent, v. MARTIN RYAN, Appellant.— Order entered April. 14, 1970, unanimously modified, on the law and the facts, without costs and without disbursements, to reduce the amount of temporary alimony and support directed therein to $50 per week and counsel fee to $400, and otherwise affirmed. Though the matter was before the Conciliation Commissioner, it was proper for Special Term to make the order (see Lebovics v. Lebovics, 34 A D 2d 783). Defendant-appellant's financial circumstances do not justify the amounts awarded at Special Term. Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and McNally, JJ.

■ In the Matter of MICHAEL V. MAGRO, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and PAUL A. FINO, JR., Intervenor-Appellant.— Judgment entered June 19, 1970, affirmed, without costs and without disbursements, upon the opinion of HELMAN, J., at Special Term. Whatever its form, this proceeding sounds essentially in mandamus to compel performance by a public body of a duty imposed by law. Concur — Stevens, P. J., Capozzoli, McGivern and Markewich, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse and dismiss the proceeding on the ground there was a failure to join the appellant who was a necessary party in this proceeding under section 330 of the Election Law. Objections had been filed by appellant to the petition of the predecessor of petitioner-respondent. Hence in my judgment, he was a necessary party to any proceeding to substitute a new candidate. See cases cited in the dissenting opinion Matter of Spillane v. Katz (32 A D 2d 157, 160, revd. 25 N Y 2d 34). The learned Trial Justice in his memorandum decision recognized this deficiency by stating "the objection is at best technical and should not be used as a possible disenfranchisement". The appellant appeared by attorney on the argument and submitted an affidavit wherein he asked permission from the court to allow the appellant to appear specially for the limited purpose of challenging the jurisdiction in this matter. Since the appellant was an original objector he is entitled to notice of subsequent court proceedings. If this were not so, then one could do indirectly what cannot be done directly, namely to circumvent objection to a candidate and therefore avoid any scrutiny as to the regularity of substitution. The failure to at least give notice of the court's proceedings might very well result in a surprise advantage over the appellant who was the original objector.